UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. *21-52207-JWC* |
| | ) | |
| *JOHNNY LEE MELSON, JR.,* | ) | CHAPTER 7 |
| | ) | |
| Debtor, | ) | JUDGE CAVENDER |
| - - - - - - - - - - - - - - - - - - - - - - - - - | )- - - - - - - - - - - - - - - - - - - - - - - - | |
| | ) | |
| *AUTOMOBILE ACCEPTANCE CORPORATION,* | ) ) ) | |
| | ) | |
| Movant | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| *JOHNNY LEE MELSON, JR.,* | ) | |
| | ) | |
| Respondent, | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that *AUTOMOBILE ACCEPTANCE CORPORATION* has filed a *Motion for Relief from the Automatic Stay* and related papers with the Court seeking an Order *modifying or terminating the automatic stay*.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the *Motion for Relief from Stay* at the following number: (toll-free number*: 833-568-8864;* meeting id *160 459 5648*, at *10:00 A.M.* on *April 13, 2023,* in Courtroom *1203*, Richard B. Russell Federal Building & U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage
for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).  If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file

a written response, you must attach a certificate of service stating when, how and on whom (including addresses) you served the response.  Mail or deliver the response so that it is received by the Clerk at least two (2) business days before the hearing.  The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

       If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: *MARCH* __20__ *, 2023.*     /s/ROBERT J. SOLOMON
*ROBERT J. SOLOMON*
Counsel for Movant
*Georgia Bar No. 666635*
*SOLOMON BAGGETT, LLC*
*3763 ROGERS BRIDGE ROAD*
*DULUTH, GA 30097*
*(678) 243-2515 (direct dial)*
rsolomon@sb-law.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. *21-52207-JWC* |
| | ) | |
| ***JOHNNY LEE MELSON, JR.,*** | ) | CHAPTER 7 |
| | ) | |
| Debtor, | ) | JUDGE CAVENDER |
| - - - - - - - - - - - - - - - - - - - - - - - - - | )- - - - - - - - - - - - - - - - - - - - - - - - | |
| | ) | |
| ***AUTOMOBILE ACCEPTANCE CORPORATION,*** | ) | |
| | ) | |
| Movant | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| ***JOHNNY LEE MELSON, JR.,*** | ) | |
| | ) | |
| Respondent, | ) | |

MOTION FOR RELIEF FROM STAY

COMES NOW, AUTOMOBILE ACCEPTANCE CORPORATION, a party in interest in the above-captioned matter and Movant in this proceeding (hereinafter "Movant"), and respectfully shows to this Court as follows:

1.

The Bankruptcy Court has jurisdiction over this Chapter 7 proceeding pursuant to 28 U.S.C. Section 157 and 11 U.S.C. Section 362 and Section 701 et seq.

2.

S. GREGORY HAYS is the duly designated Chapter 7 Trustee.

3.

JOHNNY LEE MELSON, JR. filed a Chapter 13 bankruptcy on March 18, 2021 and converted to a Chapter 7 bankruptcy on March 14, 2023.

4.

Movant holds a valid, perfected security interest in a 2006 Toyota Tundra VIN: 5TBET34106S545227 (the "Vehicle") by virtue of the Security Agreement attached hereto as Exhibit "A" and the Title attached hereto as Exhibit "B". The Vehicle is the only collateral for this loan. Movant is unaware of any other liens on this Vehicle.

5.

There has been a failure to make payments to Movant pursuant to the Security Agreement. The payoff balance on this loan is approximately $5,370.13. Monthly installments are $303.03 each. In addition, the fees and costs anticipated by Movant in the filing and prosecution of this matter are $488.00.

6.

The value of the Vehicle is $5,150.00 as shown by the NADA attached hereto as Exhibit "C".

WHEREFORE, MOVANT moves this Court for an order terminating the automatic stay pursuant to 11 U.S.C. Section 362 as to the above-described Vehicle, waiving the provisions of BR 4001(a)(3), allowing MOVANT an unsecured claim for any deficiency and for such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this  20th   day of March, 2023.

/s/ROBERT J. SOLOMON
*ROBERT J. SOLOMON*
Counsel for Movant
*Georgia Bar No. 666635*
*SOLOMON BAGGETT, LLC*
*3763 ROGERS BRIDGE ROAD*
*DULUTH, GA 30097*
*(678) 243-2515 (direct dial)*
rsolomon@sb-law.com

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date I have electronically filed the foregoing NOTICE OF HEARING and MOTION FOR RELIEF FROM STAY using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this cased under the Court's Electronic Case Filing program:

**Via CM/ECF electronic service:**
E. L. Clark
Clark & Washington, PC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid, on the following parties at the address shown for each:

**Via U.S. Mail:**
Johnny Lee Melson, Jr.
235 Marriott Drive
Atlanta, GA 30349

    This __20th__ of March, 2023.

                                          /s/Robert J. Solomon
                                          ROBERT J. SOLOMON
                                          Georgia Bar No. 666635

For the Firm of
SOLOMON | BAGGETT, LLC
3763 Rogers Bridge Road
Duluth, GA 30097
Telephone:    (678) 243-2515
Facsimile:    (678) 243-2518
rsolomon@sb-law.com

# EXHIBIT "A"

Case 21-52207-jwc    Doc 63    Filed 03/20/23    Entered 03/20/23 12:25:06    Desc Main
Document      Page 6 of 13

**SIMPLE INTEREST NOTE AND SECURITY AGREEMENT**    Date: 03/24/2020

| Borrower: Name and Address | within instrument or agreement ledged as collateral to ells Fargo Bank N.A. | Co-Borrower: Name and Address |
|---|---|---|
| Johnny Lee Melson<br>235 Marriott Dr<br>Atlanta, GA 30349 | | |

**Meaning of Words.** In this Simple Interest Note and Security Agreement (the "Note"), the words "you," and "your," refer to the Borrower and Co-Borrower. The words "we," "us," "our," and "Lender" refer to Automobile Acceptance Corporation, with its principal address at P.O. Box 961926, Riverdale, GA 30296 and phone number (800) 639-3325 and its assignees. The word "Collateral" refers to the motor vehicle or other item of personal property (lawn mower, trailer, camper, etc.) described below.

**Description of Collateral and Lien.** As security for this loan, you are giving Lender a security interest in the Collateral described below and all additions and attachments (hereinafter referred to as the "Collateral"). You represent and warrant that the Creditor listed below is the only person that holds a security interest in the Collateral, and if applicable has a lien on the Certificate of Title for such Collateral.

| VEHICLE IDENTIFICATION NUMBER (VIN) or DESCRIPTION OF COLLATERAL | YEAR | MAKE | MODEL | TITLE NUMBER (if applicable) |
|---|---|---|---|---|
| 5TBET34106S545227 | 2006 | TOYOTA | TUNDRA | |

**Completing the Transaction, Proceeds.** All loan proceeds shall be distributed as set forth herein. If you are paying off a Creditor with loan proceeds, then you direct us to deliver loan proceeds in an amount sufficient to the Creditor listed below holding a lien on the Collateral as payoff in full of the amount owing to such Creditor. You represent and warrant that the payoff amount owing to Creditor, if applicable, is accurate and that no other creditors have a security interest in the Collateral. Upon signing, we will fund the loan and use commercially reasonable efforts to issue and deliver loan proceeds as set forth herein.

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 57.91 % | $2,282.59 | $ 3,778.01 | $ 6,060.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 19 | $ 303.03 | 05/02/2020 | and due each month on 02 thereafter. |
| 1 | $ 303.03 | 12/02/2021 | |

**Security:** You are giving a security interest the Collateral.

**Filing fee:** $ 0.00

**Prepayment:** If you pay off early, you will not have to pay a penalty. A prepayment penalty will not be imposed for paying all or part of the principal balance before the date on which the principal is due.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

---

**ITEMIZATION OF AMOUNT FINANCED of $ 3,778.01**

1. Amount given to you directly                                           $ 1,500.00

2. Amounts Paid to Government Agencies
   a. To: GA Dept. of Revenue
      For: Noting Lien on Certificate of Title     $ 0.00
   b. To: _____                  $ 0.00
   c. TOTAL (2a+2b)                                                       $ 0.00

3. Amounts Paid to Third Parties on Your Behalf
   a. To: AAC# _____                 $ 2,278.01
   b. To: Automobile Acceptance Corporation
      For: Voluntary Guaranteed Asset Protection Waiver $ 0.00
   c. To: _____
      For: Optional Service Contract*              $ 0.00
   d. TOTAL (3a+3b+3c)                                                    $ 2,278.01

4. Total Amount Financed (1+2c+3d)                                        $ 3,778.01

5. Principal Loan Amount (4)                                              $ 3,778.01

*Automobile Acceptance Corporation may retain a portion of those payments.

---

**Promise to Pay, Interest Calculation and Application of Payments.** You promise to pay us $ 3,778.01 (the amount of the principal), plus interest at the rate of 58.80 % per annum ("Annual Interest Rate") on the outstanding principal balance from 03/24/2020 until the earlier of payment in full or 12 months after the final Payment Date scheduled above. You promise to pay all other amounts that may become due under the terms of this Note. You promise to make payments in accordance with the "Payment Schedule" above. On each Payment Date you will pay us, at the address indicated above, or at such other address as we direct you in writing, the amount stated in cash, by check or money order or cashier's check, or as otherwise agreed in writing. Our disclosures above are based on calculation tools that assume that all months have an equal number of days. We take into account the variations of days in months for purposes of collecting interest, and we calculate the simple interest owing herein on an actual 365-day basis. That is, we divide the Annual Interest Rate by 365 and apply such rate on a daily basis on the outstanding principal balance. Early payments may decrease the amount of interest you owe. Late Payments may increase the amount of interest you owe. Because of the assumptions allowed by law in creating the payment schedule, and the timing of your actual payments, the amount of your final payment required to pay your loan in full may be more or less than as scheduled above. Therefore, you agree that we will adjust your final payment accordingly. Acceptance by us of partial payments shall not modify the terms of this Note and shall not constitute a waiver of any subsequent default. You agree to promptly pay us all you owe under this Note even if the Collateral is damaged, destroyed, missing, or uninsured. Each person who signs this Note as Borrower or Co-Borrower is individually liable for the sums owed under this Note. We apply payments first

LENDER'S COPY                                                        Page 1 of 4

to interest and then to outstanding principal. Time is of the essence in this Note.

**Prepayment.** You may prepay this Note in full or in part at any time without penalty. A prepayment penalty will not be imposed for paying all or part of the principal balance before the date on which the principal is due.

**Security Interest.** You hereby grant us a security interest in the Collateral and in all accessories, equipment, and replacement parts installed in the Collateral. This security interest also covers the proceeds of any sale of the Collateral. This secures payment of all amounts you owe under this Note and in any transfer, renewal, extension, modification, refinancing, or assignment of this Note. To the extent permitted by applicable law, you authorize us as your attorney-in-fact to sign your name on any documents necessary to properly record and perfect our security interest should you fail to do so.

**Ownership and Risk of Loss.** You agree that you will take the following action to protect our security interest in the Collateral: (a) maintain the Collateral in good condition; (b) keep the Collateral principally at the address you have designated above, and notify us before you begin to keep the Collateral principally at another location; (c) pay all taxes, fees, fines, bills, and any other charges assessed or levied against the Collateral; (d) notify us immediately if any authority impounds the Collateral; (e) not expose the Collateral to misuse or confiscation; (f) not permit the Collateral to be used illegally or contrary to the terms of the insurance policies required by this Note; (g) not permanently remove the Collateral from your state of residence disclosed above or register the Collateral in another state, without our prior written consent; (h) not take the Collateral outside the United States without our prior written consent; (i) not sell, transfer, or assign your right, title, or interest in the Collateral without our prior written consent; and (j) not allow any lien, encumbrance, or security interest against the Collateral other than ours without our prior written consent.

**Location of Collateral.** You will notify us immediately in writing of any change in your address or the address where the Collateral is regularly located.

**Required Personal Property Physical Damage Insurance.** You agree to obtain property insurance to cover damages to the Collateral during the term of this Note. *You may obtain property insurance from anyone you want that is acceptable to us.* You agree to keep the Collateral insured at your own expense against all loss or damage with a deductible not greater than $1,000. Such insurance must be for not less than the actual cash value of the Collateral, and in the event of the Collateral's total loss resulting in an insurance settlement for less than the total outstanding balance under this Note (including principal, interest, and any other charges), you will be liable to us for the difference. The physical damage personal property insurance must name the Lender as loss payee and must require 10 days advance written notice to Lender before any cancellation or reduction in the insurance coverage. You authorize us as your attorney-in-fact to endorse your name on any check we receive for insurance proceeds, to the extent permitted by law.

---

**VOLUNTARY GUARANTEED ASSET PROTECTION WAIVER DISCLOSURE.** For a separate charge Lender will cancel, subject to a $10,000 maximum, the amount due under this Note in the event of a total physical damage loss or unrecovered theft of the motor vehicle pursuant to the terms of a separate VOLUNTARY GUARANTEED ASSET PROTECTION WAIVER ADDENDUM (hereinafter "GAP Debt Cancellation Waiver") to this Note. The GAP Debt Cancellation Waiver is not insurance. The term for coverage under the GAP Debt Cancellation Waiver is the same as the term for repayment under this Loan Agreement, or until you have paid the loan in full, whichever is earlier. The maximum amount of debt cancelled shall not exceed $10,000. Neither the extension of credit nor the terms of the credit may be conditioned upon the purchase of the GAP Debt Cancellation Waiver. **YOUR PURCHASE OF THE GAP DEBT CANCELLATION WAIVER IS TOTALLY VOLUNTARY AND IS NOT REQUIRED TO OBTAIN CREDIT FROM LENDER.** The cost to purchase the GAP Debt Cancellation Waiver is set forth in the GAP Debt Cancellation Waiver, and if you voluntarily agree to purchase it the cost is also set forth in the Itemization of Amount Financed above.

You understand that GAP Debt Cancellation Waiver will **not** be provided unless you have reviewed and signed the separate VOLUNTARY GUARANTEED ASSET PROTECTION WAIVER ADDENDUM.

Borrower's Signature _/s/ John Nelson_    Co-Borrower's Signature _____

---

**Events of Default.** Any of the following constitutes a default under this Note, as permitted by applicable law: (a) we do not receive any payment when due; (b) you break any of your promises herein; or (c) our prospect of payment, performance, or realization of collateral is significantly impaired, which may include: (1) you fail to perform any obligation under this Note or any other agreement with us; (2) any information furnished in connection with this Note proves to have been false or materially misleading; (3) you sell or transfer your interest in the Collateral; (4) you generally fail to meet debt obligations as they become due; (5) any proceeding is commenced or petition filed under any bankruptcy or insolvency law by or against you; (6) you fail to maintain any insurance policy required hereunder; (7) the Collateral is levied upon or seized under any legal process; and (8) the Collateral is lost, stolen, or suffers substantial damage.

**Rights and Remedies upon Default.** If you default under this Note, we can demand that you pay all you owe on this Note at once. To the extent not prohibited by applicable law, if you default, we do not have to give you notice that we intend to demand or are demanding that you pay all that you owe at once. We also will have all rights, options, and remedies of a secured party under applicable laws, and under this Note, including without limitation demanding delivery of the Collateral to us without resorting to legal process. You authorize us, at our option and without obligation to do so, to make or have made any repairs that we deem desirable to the Collateral, as well as repair or storage bills, taxes, fees, fines or other charges on the Collateral, and you agree that we may, at our option, receive from you full reimbursement upon demand. Unless required by applicable law, we will not notify you of our intention to repossess the Collateral. You acknowledge an express intent to grant a security interest in the Collateral and hereby waive and abandon, to the extent permitted by law, all personal property exemptions granted upon the Collateral, which is the subject of this Note. NOTICE: BY GIVING US A SECURITY INTEREST IN THE COLLATERAL, YOU WAIVE, TO THE EXTENT PERMITTED BY LAW, ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH COLLATERAL EXEMPT FROM PROCESS.

**Collection Costs.** You agree to pay all costs and expenses we incur in collecting any late payment or in enforcing any term, condition, or covenant of this Note, including attorneys' fees, limited to 15% of the principal and interest owing, and court costs, to the extent permitted by applicable law.

**Returned Payment Handling Charge.** You agree to pay a charge of $0.00 for each check or electronic debit you present to us which is dishonored, refused or returned to us for any reason by your financial institution.

**General.** Georgia law governs this Note, except the Federal Arbitration Act 9 U.S.C Sections 1-16 ("FAA") governs the **Jury Trial Waiver and Arbitration Clause**. Any provision hereof held by a court to be invalid shall not affect the remainder of this Note. Waiver of any default shall not constitute a waiver of subsequent default. The obligations of all persons signing this Note as borrowers or co-borrowers are joint and several. We may assign or transfer this Note or any of our rights hereunder. You may not assign this Note except with our prior written consent, and subject to the foregoing this Note shall be binding upon the heirs, personal representatives, successors, and assigns of the parties hereto. Unless otherwise required by applicable law, any written notice that we are obligated to send you hereunder shall be sufficient if sent by regular mail, postage prepaid, to your address shown on the first page (or any more recent address if you have advised us of such in writing). We do not have to repossess the Collateral or exercise any of our other rights before collecting from you. You agree to give us updated financial information any time we request it. You waive demand, presentment, protest, notice of dishonor and notice of protest to the extent permitted by law. This Note constitutes the entire agreement between you and us and may

# EXHIBIT "B"



# Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| 5TBET34106S545227 | 2006 | TOYT | | | | |

| Weight | New/Used | Title Number | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| | | 770011218056001 | | GA | 09-10-2019 |

Full Name of Owner(s)
JOHNNY LEE MELSON JR
235 MARRIOTT DR
COLLEGE PARK, GA 303492717

Liens(s)
AUTOMOBILE ACCEPTANCE CORP
[749 Main St
Riverdale, GA 30274]*

Lien Date:
ELT Number: 001100774848
LTN: LTN190910-14

\* Information has been supplied by the lienholder, not the state titling agency.

Document ID: GNBUZVKCMN

**THIS IS NOT A TITLE**
This is an official Premier eTitleLien® Report
generated by a customer of DDI Technology.



# EXHIBIT "C"

# J.D. POWER

## 2006 Toyota Tundra Double Cab-V8
SR5 2WD Values

## Pricing & Values

Prices shown for the used **2006 Toyota Tundra SR5 2WD** with typical miles are what people paid to buy this vehicle or what people received when trading in this vehicle at a dealer. Edit options.

## Buy from Dealer

Prices shown are what people paid including dealer discounts. Taxes and fees (title, registration, license, document, and transportation fees) are not included.



**Buy from Dealer**

Average Price Paid

**$8,600**

Data from **67** transactions - Updated 03/11/23

80% of People Paid
**$8,033 - $9,153**

# Trade In to Dealer

Prices shown are what people received from a dealer for their trade-in vehicle by condition.
[See definitions.](#)

| | |
|---|---:|
| Base Price | $4,050 |
| Mileage and Options | $0 |
| **Rough Condition** ⓘ | **$4,050** |
| Base Price | $5,150 |
| Mileage and Options | $0 |
| **Average Condition** ⓘ | **$5,150** |
| Base Price | $6,050 |
| Mileage and Options | $0 |
| **Clean Condition** ⓘ | **$6,050** |

Looking for values for your business? **J.D. Power Valuation Services** can help.